IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES W. MOELLER )
PMB No. 106-150 )
4200 Wisconsin Avenue NW )
Washington DC 20016, )
)
       *Plaintiff*, )
)
    v. )
)
EQUAL EMPLOYMENT )
  OPPORTUNITY COMMISSION )
131 M Street NE )
Washington DC 20507 )
)
       *Defendant*. )

Case: 1:19-cv-02330
Assigned To : Friedrich, Dabney L.
Assign. Date : 8/2/2019
Description: FOIA/Privacy Act (I–DECK)

## COMPLAINT

Plaintiff *Pro Se* James W. Moeller brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks injunctive and other appropriate relief as well as the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Equal Employment Opportunity Commission ("EEOC").

## PARTIES

1.     Plaintiff is a Washington, D.C. resident.

2.     Defendant EEOC is an Independent Commission within the Executive Branch of the United States Government. EEOC is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.      Venue lies in this Court under 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

5.      On May 13, 2019, Plaintiff filed (via email) with Defendant a FOIA request.

6.      The FOIA request sought "copies of all documents and communications that address, discuss, analyze or otherwise relate to the legality under the Age Discrimination in Employment Act ("ADEA") of experience caps in job advertisements."

7.      The request stated that "[t]he information requested would include, but not be limited to, the impact of experience caps on prospective job applicants over the age of 40 as well as the deterrent effect of experience caps on such applicants."

8.      The request explained that "[f]or example, 29 C.F.R. § 1625.4(a) states that '[h]elp wanted notices or advertisements may not contain terms and phrases that limit or deter the employment of older individuals.' Thus the information requested would include all documents and communications that address, discuss, analyze or otherwise relate to the legality under the ADEA of experience caps under this regulation."

9.      Defendant assigned the FOIA request FOIA No. 820-2019-000425.

10.     Defendant acknowledged receipt of the FOIA request (Attachment A) and stated that "EEOC will make every effort to issue a determination on your request on or before June 11, 2019. FOIA and EEOC regulations provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays."

11.     The acknowledgement also stated that "[i]n *unusual circumstances*, EEOC may extend the 20 working days by 10 additional working days or stop processing your request until you respond to our request for fee or clarifying information. Should EEOC take an extension or stop processing your request, notice will be issued prior to the expiration of the 20 working days."

12.     On June 19, Plaintiff requested from EEOC via email an update on the status of a response to his request.

13.     On June 20, EEOC employee Rhonda Durham advised Plaintiff that "[w]e just received the requested information from our division office. Hopefully, it will be reviewed by my director and sent to you by the end of next week." "The end of next week" was June 28.

14.     On July 22, 2019, Plaintiff sent the following email to Ms. Durham:

> In your communication of June 20, 2019, you indicated that the information I requested under FOIA should be sent to me by June 28. That deadline was over three weeks ago. I filed my FOIA request on May 13. That was exactly eleven weeks ago. The prolonged delay in the production of documents requested places EEOC in violation of FOIA and its implementing regulations. I am in the process of preparing a complaint, to be filed in federal court, to compel production of the requested documents. I expect to file the lawsuit next week unless I receive beforehand the requested documents or a satisfactory explanation for the prolonged delay in their production.

15.     Defendant has not responded to Plaintiff's July 22 email.

16.     Plaintiff never received notice that Defendant would take an extension or stop processing the FOIA request.

17.     Plaintiff already has one FOIA lawsuit pending before the Court against Defendant. *Moeller v. EEOC*, No. 19-CV-1821 (filed June 21, 2019).

3

## STATEMENT OF CLAIM

### Failure to Respond to Request for Documents Under Freedom of Information Act

18.     Defendant has not provided the records requested by Plaintiff in his FOIA request of May

13, 2019.

19.     Plaintiff has exhausted his administrative remedies with respect to his FOIA request to

Defendant.

20.     Defendant has wrongfully withheld the requested records from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

1.      order Defendant to disclose the requested records and make copies available to

Plaintiff;

2.      provide for expeditious proceedings in this action;

3.      award Plaintiff his costs and reasonable attorney fees incurred in this action; and

4.      grant such other relief as the Court may deem just and proper.

Respectfully submitted,

James W. Moeller
*Pro Se*
D.C. Bar No. 388690
PMB 106-150
4200 Wisconsin Avenue NW
Washington DC 20016
(202) 244-0740
jwjmoeller@aol.com

DATED: August 2, 2019

4